IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DEAN, et al | : CIVIL ACTION |
|---|---|
| v. | : |
| | : NO. 15-2722 |
| FRANK, et al | : |

## ORDER-MEMORANDUM

**AND NOW**, this 29th day of May 2015, upon review of Defendants' Notice of Removal (ECF Doc. No. 1), this Court's May 19, 2015 Order (ECF Doc. No. 2) and Defendants' Memorandum in Support of their Notice of Removal (ECF Doc. No. 3), it is **ORDERED** this matter is **REMANDED** for lack of subject matter jurisdiction under 28 U.S.C. § 1332. The Clerk of this Court shall **REMAND** this action to the Court of Common Pleas of Philadelphia County forthwith and mark this action **CLOSED**.

### *Analysis*

Three Maryland Plaintiffs filed suit in the Court of Common Pleas of Philadelphia County arising from a motor vehicle accident with a Philadelphia citizen. Plaintiffs collectively claim serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and other ills and injuries. They also collectively claim emotional injuries, "great" loss of earnings or earning capacity, anguish, sickness, agony, damages to personal property, storage fees and future medical costs. Each Plaintiff could separately sue Defendants in separate actions but elected to file one action. In this one action, Plaintiffs collectively claim damages in excess of $50,000. They do not specify a dollar loss to any single Plaintiff.

Defendants timely removed to this Court with a conclusory allegation that the amount in controversy exceeds $75,000 (ECF Doc. No. 1). Defendants also represented the Plaintiffs' collective damages do not exceed $150,000.[1] In their Memorandum in support of removal (ECF Doc. No. 3), Defendants argue there are three Plaintiffs with alleged damages and Defendants "reasonably deduced" Plaintiffs' allegations "could" amount to damages in excess of $75,000.

In light of Congress' intent to limit federal jurisdiction based on diversity, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

As each Plaintiff could bring a separate and distinct claim for liability against the Defendants (and possibly against each other), the three Plaintiffs cannot aggregate claims to reach the $75,000 threshold. *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008); *Plunkett v. Nationwide Mutual Insurance Co.*, No. 14-6545, 2014 WL 7271380, *2-*3 (E.D. Pa. Dec. 22, 2014). Defendants fail to show any Plaintiff suffered damages in excess of $75,000 by a preponderance of the evidence. *Stevenson v. Wal-Mart Stores, Inc.*, No. 14-4073, 2015 WL 158811, *3 (E.D.Pa. Jan. 12, 2015). There is no basis to find any Plaintiff suffered losses in excess of $75,000.

Even assuming one Plaintiff alleged physical and emotional injuries, medical expenses and reduced earning capacity and sought damages "in excess of $50,000", he would not meet the jurisdictional threshold upon removal absent further plausible facts. *See, e.g., Huberman v. Interval Leisure Group, Inc.*, No. 15-1560, 2015 WL 2365585 at *2 (E.D.Pa. May 18, 2015)

---

[1] *See* Designation Form (ECF Doc. No. 1, p.1)

2

(collecting cases and citing *Judge v. Phila. Premium Outlets,* No. 10-1553, 2010 WL 2376122, at *5 (E.D.Pa. June 8, 2010)). At present, all we know is that three plaintiffs claim damages in excess of $50,000 and the Defendant believes those damages do not exceed $150,000. We are thus left guessing as to whether any Plaintiff can meet the jurisdictional threshold. *See, Stevenson.* As we cannot guess, we find this Court lacks subject matter jurisdiction.

KEARNEY, J.